```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

JOSEPH PASCIUTTI,                 :
                                  :
      Plaintiff,                  :
                                  :
v.                                :   Case No. 3:20-cv-01243 (RNC)
                                  :
LIQUIDPISTON, INC. and            :
ALEXANDER SHKOLNIK,               :
                                  :
      Defendants.                 :
```

RULING AND ORDER

Plaintiff Joseph Pasciutti brings this action against his former employer, LiquidPiston, Inc. ("LPI"), and its chief executive officer, Alexander Shkolnik. The first three counts of the nine-count complaint seek to recover benefits allegedly due under the Employee Retirement Income Security Act of 1974 ("ERISA"). The remaining counts seek damages for alleged violations of state law. Defendants have moved to dismiss the action principally on the ground that ERISA does not apply to the stock option plan at issue. I agree with them on this point and therefore dismiss the ERISA claims with prejudice. In keeping with the limits on supplemental jurisdiction, the state law claims are dismissed without prejudice.

I.  Background

The complaint alleges the following. LPI hired plaintiff as its chief engineer in May 2018. The offer letter issued to him included information relating to stock options under LPI's

1

2016 Stock Option and Grant Plan ("the Plan").  ECF No. 1 ¶ 7.
The stock options consisted of a "Base Grant," which included
10,000 shares of common stock in LPI, 25% of which would vest
after year one and then at a rate of 1/48 per month thereafter.
Id. ¶ 7a.  The shares would fully vest after plaintiff completed
four years of continuous employment with LPI.  Id.  Also granted
to plaintiff were additional options to purchase 208 shares of
common stock per month that would fully vest on a monthly basis.
Id. ¶ 7b.

In reliance on the offer letter, plaintiff left a
"prestigious, long-term position" with another employer and
began working for LPI in June 2019.  Id. ¶ 9-10.  According to
the vesting schedule of the Base Grant options, 25% of
plaintiff's shares were due to vest a year later, on June 4,
2020.  Id. ¶ 14.  During that period, the value of plaintiff's
stock options appreciated significantly.  LPI abruptly and
unlawfully fired him two days before they would vest.  Id. ¶ 28-
29.

II.  Legal Standard

Under Rule 12(b)(6), a complaint is properly dismissed when
it fails to state a claim upon which relief may be granted.  To
withstand a properly supported motion to dismiss under this
Rule, a complaint must present a claim that is "plausible on its
face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The

plausibility standard requires the plaintiff to provide factual allegations that, when construed in a light most favorable to him or her, permits a reasonable inference that the defendant is liable for the alleged wrong.

   III. Discussion

"To state a claim under ERISA, a plaintiff must allege and establish the existence of an 'employee benefit plan' that is governed by ERISA."  Albers v. Guardian Life Ins. Co., No. 98 Civ. 6244, 1999 WL 228367, at *2 (S.D.N.Y. Apr. 19, 1999)); see Hardy v. Adam Rose Ret. Plan, 957 F. Supp. 2d 407, 413 (S.D.N.Y. 2013), aff'd, 576 F. App'x 20 (2d Cir. 2014).  ERISA governs, in relevant part, "employee benefit plans" that are established or maintained "by any employer engaged in commerce or in any industry or activity affecting commerce."  29 U.S.C. § 1003(a)(1).  Such plans may be either an "employee welfare benefit plan" or an "employee pension benefit plan."  Id. § 1002(1)-2(A).  A pension benefit plan is one that, "by its express terms or as a result of surrounding circumstances," either "provides retirement income to employees" or "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond."  Id. § 1002(2)(A).  A regulation promulgated by the Department of Labor exempts from this definition "payments made by an employer to some or all of its employees as bonuses for work performed, unless such

payments are systematically deferred to the termination of covered employment or beyond, or so as to provide retirement income to employees." 29 C.F.R. § 2510.3-2(c).

As framed by the parties, the issue of ERISA coverage presented here requires me to determine whether the Plan defers payments for periods extending to the termination of covered employment or beyond and therefore constitutes an employee pension benefit plan within the meaning of ERISA. Defendants argue that the Plan is not governed by ERISA because its purpose is to provide incentives and bonuses rather than to defer compensation or provide retirement benefits. ECF No. 14-1 at 5. Plaintiff responds that the Plan is a pension benefit plan under ERISA because it resulted in a deferral of his income for periods extending to the termination of his covered employment or beyond. ECF No. 1 ¶ 8.

Before delving further into the issue of ERISA's applicability, it is necessary to briefly address plaintiff's argument that a ruling on this issue should be deferred until after discovery. Numerous courts within this Circuit have concluded that whether ERISA governs a plan "is cognizable on a Rule 12(b)(6) motion" and "where the record contains the undisputed terms of the disputed plan, as the record here does, a Court may decide the applicability of ERISA as a matter of law." Foster v. Bell Atl. Tricon Leasing Corp., No. 93 CIV. 4527

4

(LAP), 1994 WL 150830, at *1 (S.D.N.Y. Apr. 20, 1994); see also, e.g., Albers v. Guardian Life Ins. Co. of Am., No. 98 CIV.6244 DC, 1999 WL 228367, at *2 (S.D.N.Y. Apr. 19, 1999) (collecting cases); Hardy v. Adam Rose Ret. Plan, 957 F. Supp. 2d 407, 413 (S.D.N.Y. 2013), aff'd, 576 F. App'x 20 (2d Cir. 2014).  In the cases cited by plaintiff, where courts declined to resolve issues of ERISA coverage at the pleading stage, plan documents had not been provided.  See, e.g., Boudinot v. Shrader, No. 09 CIV. 10163 LAK, 2012 WL 489215, at *7 (S.D.N.Y. Feb. 15, 2012), aff'd in part sub nom. Pasternack v. Shrader, 863 F.3d 162 (2d Cir. 2017) (noting that "no documentation about the [plan's] terms has been provided beyond the details listed above and those alleged in the consolidated complaint" and declining to resolve the coverage issue "[a]s no further documentation regarding the [plan] is before the Court"); Kuhbier v. McCartney, Verrino & Rosenberry Vested Producer Plan, 95 F. Supp. 3d 402, 410 (S.D.N.Y. 2015) (noting that a court may decline to rule on ERISA applicability at the pleading stage "if the documentation before the Court is limited").  Here, the record includes the Plan document in its entirety.[1]

---

[1] Plaintiff also argues that discovery might reveal "surrounding circumstances" to support a finding that the Plan is governed by ERISA.  In this connection, plaintiff invites me to speculate that the Plan "has been operated by defendants to, in fact, 'systematically' defer compensation . . . ."  ECF No. 22 at 12.  The mere possibility that such conduct could have occurred, notwithstanding the terms of the Plan, is insufficient to satisfy the plausibility standard that governs plaintiff's access to discovery.  Accordingly, the issue of ERISA coverage is properly addressed now.

Turning to the issue of ERISA coverage, I conclude that the Plan is not governed by ERISA. The purpose of the Plan, as stated in the Plan document, is to "encourage and enable the officers, employees, directors, Consultants and other key persons of LiquidPiston, Inc. . . . upon whose judgment, initiative and efforts the Company largely depends for the successful conduct of its business, to acquire a proprietary interest in the Company." Id. at 7 (quoting ECF No. 14-2 at 1). Under the Plan's vesting schedule, employees could exercise their options "immediately at grant." ECF No. 14-2 at 9. Under the applicable vesting schedule, 25% of plaintiff's shares would vest after one year, and the rest would fully vest in four years. ECF No. 1 ¶ 7a. The Plan prohibits employees from exercising their options more than ten years after the grant date, ECF No. 14-2 at 9, and provides that all unvested options "are null and void" at an employee's termination. Id. at 11.

Courts considering similar stock option plans have held that when vesting schedules allow and encourage employees to exercise their options before retirement, as the Plan does here, ERISA does not apply. See, e.g., Adams v. Intralinks, Inc., No. 03 CIV.5384 SAS, 2004 WL 1627313, at *7-8 (S.D.N.Y. July 20, 2004); Timian v. Johnson & Johnson, No. 6:15-CV-06125 MAT, 2015 WL 6454766, at *3-5 (W.D.N.Y. Oct. 26, 2015); Johnson v. TCOM Sys., Inc., No. CIV. A. 89-0311(RCL), 1989 WL 517870, at *3

6

(D.D.C. Dec. 19, 1989); Kaelin v. Tenneco, Inc., 28 F. Supp. 2d 478, 486-87 (N.D. Ill. 1998).  Indeed, as defendants point out, courts considering stock option plans in general have uniformly held that they do not constitute ERISA plans because they are intended as bonus plans that do not systematically defer payments.  See Matiella v. DIRECTV, Inc., No. 11 CIV. 02458 RJH, 2012 WL 363037, at *8 (S.D.N.Y. Jan. 31, 2012) (collecting cases and noting that "courts have held that employee stock option plans are not employee benefit plans subject to ERISA" because they operate as incentive and bonus programs rather than deferred compensation plans); see also Oatway v. American Int'l Group, Inc., 325 F.3d 184, 188 (3d Cir. 2003) ("[M]ost courts have uniformly held that an incentive stock option plan is not an ERISA plan.").

    Despite this weight of authority, plaintiff argues that the Plan still falls within the coverage of ERISA because a terminated LPI employee might in some circumstances "exercis[e] stock options post-termination and/or retirement."  ECF No. 22 at 11.  Plaintiff points to language in the Plan that allows a terminated employee to exercise vested options within three months after termination.  ECF No. 22 at 11 (quoting ECF No. 14-2 at 11).  The possibility that options might be exercised pursuant to this provision is not sufficient to bring the Plan within the coverage of ERISA.  See, e.g., Hahn v. Nat'l Bank,

7

N.A., 99 F. Supp. 2d 275, 279 (E.D.N.Y. 2000) ("The mere fact that payments made pursuant to a plan continue after retirement does not transform an otherwise excluded bonus plan into one whose payments are 'systematically deferred' to the termination of employment . . . ."); Albers v. Guardian Life Ins. Co., No. 98 CIV.6244 DC, 1999 WL 228367, at *4 (S.D.N.Y. Apr. 19, 1999) ("Although it was possible for bonuses under the Agreement to be paid out to [plaintiff] after he retired from The Guardian, this was simply a by-product of the Agreement's operation, and any bonus payment to [plaintiff] after his retirement was merely incidental.").

IV. Conclusion

Accordingly, the ERISA claim is dismissed with prejudice and the state law claims are dismissed without prejudice.

The Clerk may enter judgment and close the case.

So ordered this 30th day of September 2021.

                              /s/ RNC
                         Robert N. Chatigny
                    United States District Judge